IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JOHN THEBEAU, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | No. _____<br><br><br><br><br>Petition to Vacate<br>Sentence under 28 U.S.C. §2255 |

## PETITION PURSUANT TO 28 U.S.C. §2255

Comes now petitioner, JOHN THEBEAU, and files this habeas corpus petition to request relief from his 216 month sentence in No. 4:07CR41 DJS for his conviction of being a felon-in-possession of a firearm based on *Johnson v. United States*, 135 S. Ct. 2551 (2015).  *Johnson* establishes that petitioner does not now have three convictions for violent felonies needed to impose a sentence in excess of ten years for his conviction, and that his sentence above ten years violates the Fifth Amendment right to due process. Therefore, Petitioner requests a new sentencing forthwith.

Petitioner is a federal prisoner, Reg. No. 33832-044, currently incarcerated at U.S.P. Marion, a federal penitentiary in Illinois.

### Information Regarding Conviction

Petitioner was convicted in the United States District Court, Eastern District of Missouri, Case No. 4:07CR41 DJS. The underlying offense consisted of two counts of being a felon-in-possession of a firearm, 18 U.S.C. §922(g)(1).  Petitioner pleaded guilty to two counts of being a felon in possession on April 5, 2007. He was sentenced on July 6, 2007. This Court sentenced petitioner to 216 months in prison as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. §924(e)(2).

### Information Concerning Appeals and Prior Habeas Corpus Petitions

Petitioner appealed the original judgment to the Eighth Circuit, No. 07-2752. The judgment was affirmed and the mandate issued on June 6, 2008.

Petitioner filed his orginal pro se habeas corpus petition to challenge this conviction and sentence on October 5, 2009. It was denied March 9, 2011. He filed an additional petition on June 7, 2012. It was denied on June 11, 2012. His most recent petition was filed on July 30, 2015 and denied on August 3, 2015. However, subsequently, the Eighth Circuit Court of Appeals granted him permission, without objection from the Government, to file this successive petition pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015) on December 9, 2015.

> **GROUNDS FOR RELIEF**: Petitioner's 216 month sentence violates fundamental fairness and due process under the Fifth Amendment because after the 2015 ruling in *Johnson v. United States* he does not have three prior convictions for violent felonies.

The United States Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551, establishes that petitioner's 216 month sentence under ACCA should be vacated and he should be granted a new sentencing pursuant to *Johnson*.

The District Court found petitioner had at least three qualifying convictions under Section 924(e)(2), based on:

(1) Two convictions for Attempted Burglary in Illinois case numbers 98-CF-1872 and 98-1874 (*see* PSR ¶ 60; 64);

(2) Aggravated Criminal Sexual Assault, Illinois case number 03-CF-1008 (*see* PSR ¶ 75); and,

(3) Aggravated Unlawful Restraint, Illinois case number 98-CF775 (*see* PSR ¶ 52).

### Analysis of the Application of *Johnson* to Petitioner

In pertinent part, ACCA defines a predicate "violent felony" as any felony that has as an element the use, attempted use, or threatened use of physical force against the person of another, or is "burglary,

arson, extortion, or involves the use of explosives, *or otherwise causes a serious potential risk of physical injury to another.*" Section 924(e)(2)(B)(ii) (emphasis added). *Johnson v. United States* held that the last category or the residual clause is unconstitutional—thus to qualify as a crime of violence a prior conviction must be enumerated (burglary, arson, extortion, or involving the use of explosives) or contain an element of physical (violent) force. 135 S.Ct. 2555.

Attempted burglary in some states, including Illinois—where petitioner's convictions occurred—has been previously held to qualify as a crime of violence under the residual clause. *See United States v. Wilson*, 168 F.3d 916 (6th Cir. 1999); *United States v. Davis*, 16 F.3d 212 (7th Cir. 1994). However, attempted burglary does not qualify as an enumerated offense. *James v United States*, 550 US 192 (2007). Nor does the charge contain an element of violent force. Thus, the Illinois convictions no longer qualify as crimes of violence under the new *Johnson* law. Petitioner no longer has three qualifying prior convictions under ACCA and is entitled to a new sentencing.

## Timeliness

With permission of the Eighth Circuit, this petition is timely filed. Moreover, it cannot be disputed that the rule in *Johnson* is "new" and was not previously available. As the Seventh Circuit has explained, "*Johnson* announces a new rule: It explicitly overrules the line of Supreme Court decisions that began with Begay, and it broke new ground by invalidating a provision of ACCA." *Price v. United States*, 795 F.3d 731, 732 (7th Cir. 2015). Nor was the result in *Johnson* previously available to petitioner. The Supreme Court had twice before rejected arguments by the dissenting justices that the residual clause was unconstitutionally vague. *See James v. United States*, 550 U.S. at 210 n. 6; *Sykes v. United States*, 564 U.S. 1, 131 S. Ct. 2267, 2277 (2011). The Court in *Johnson* overruled both *James* and *Sykes* -- both in terms of the application of "ordinary case" analysis those cases employed to identify

3

ACCA predicates, and in the superficial analysis both cases used to reject claims that the residual clause was void for vagueness. *Johnson,* 135 S. Ct. at 2563.

Finally, the Supreme Court has made *Johnson* retroactively applicable to collateral claims for relief.  The Supreme Court makes rulings retroactive in varying ways. *Tyler v. Cain*, 533 U.S. 656, 663 (2001). Multiple cases render a new rule retroactive if the holdings in those cases necessarily dictate retroactivity. *Id*. at 666.  New "substantive" rules established by the Supreme Court generally apply retroactively. *Schriro v. Summerlin*, 542 U.S. 348, 351-352 (2004).  Substantive rules include Supreme Court decisions that narrow the scope of a criminal statute, or constitutional determinations that place particular conduct or persons covered by the statute beyond the state's power to punish. *Id*. at 352, *citing Bousley v. United States*, 523 U.S. 614, 620-621 (1998); *Saffle v. Parks*, 494 U.S. 484, 494-495 (1990), and *Teague v. Lane*, 489 U.S. 288, 311 (1989) (plurality opinion).  "Such rules apply retroactively because they 'necessarily carry a significant risk that a defendant . . . faces a punishment that the law cannot impose upon him." *Id.*   This exception extends "not only [to] rules forbidding criminal punishment of certain primary conduct but also rules prohibiting a certain category of punishment for a class of defendants because of their status or offense." *Penry v. Lynaugh*, 492 U.S. 302, 330 (1989), overruled on other grounds by *Atkins v. Virginia,* 536 U.S. 304 (2002).

*Johnson*'s striking of the residual clause as unconstitutional does not simply alter sentencing procedures; it specifically forbids substantive application of a statute. As such, it constitutionally narrows the class of offenders covered by ACCA and places certain offenders beyond the government's power to punish under the statute.  Defendants convicted under 18 U.S.C. § 922(g) who have sustained prior felonies that "otherwise involve[ ] conduct that presents a serious potential risk of physical injury to another," and who do not have three other convictions that qualify as a "serious drug offense" or the

4

surviving portion of the "violent felony" definition in 18 U.S.C. § 924(e)(2), can no longer be subjected to a formerly mandatory 15 year minimum term of imprisonment.

## RELIEF REQUESTED

Therefore, the sentence must be vacated pursuant to 28 U.S.C. § 2255(a), and a new sentencing conducted with proper guideline calculations.

WHEREFORE, Petitioner respectfully requests this Court issue an order outlining procedures for a new sentencing hearing.

Respectfully submitted,

/s/ Brocca Morrison
Assistant Public Defender
1010 Market Street - Suite 200
St. Louis, Missouri  63101
Telephone: 314 241 1255
Fax: 314 241 3177
E-Mail: Brocca_Morrison@fd.org

## CERTIFICATE OF SERVICE

Assistant Federal Public Defender Brocca Morrison certifies that she filed Petitioner's Amended Motion to Vacate, Set Aside, or Correct Sentence electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system and e-mailed a copy of the petition to Ms. Allison Behrens of the office of the United States Attorney.

Dated January 4, 2016.

/s/ Brocca Morrison